UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 14-1844-DOC (DFMx)          Date: February 17, 2015

Title: ASHLEY BOEHLER V. ZILLOW, INC.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Deborah Goltz | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS): ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS [17]**

Before the Court is Defendant's Motion (Dkt. 17). The Court finds this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. Having considered the papers, the Court GRANTS IN PART and DENIES IN PART Defendant's Motion.

    **I. Background**

        **A. Facts**

This case arises from Plaintiff Ashley Boehler's allegations that his employer Defendant Zillow, Inc. ("Zillow") subjected him to a hostile work environment in retaliation for making complaints about fraudulent activity going on in the workplace as well as complaints about general working conditions and wage and hour issues. Compl. ¶ 9.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 14-1844-DOC (DFMx)                                         Date: February 17, 2015

                                                                                                                         Page 2

        Plaintiff began working as an Inside Sales Consultant at Zillow on September 17, 2012. *Id.* ¶ 8. During his employment, he was one of Zillow's top sales performers at its Irvine office. *Id.* Shortly after he began working at Zillow, he discovered that another employee was engaged in a credit card fraud scheme and reported it to his supervisors in the Irvine office. His supervisors took no action against that employee and told Plaintiff not to get involved. A year later, in October 2013, Plaintiff learned that the same employee was involved in not just credit card fraud, but was also involved in forging contracts, having unlicensed real estate agents consult with Zillow clients, and violating RESPA. Plaintiff again reported it to his Irvine supervisors who again took no action. *Id.* ¶ 11.

        Finally, on November 4, 2013, Plaintiff sent an anonymous email to the executive team in Irvine and to upper management executives in Zillow's corporate headquarters in Seattle reporting the fraudulent activity. *Id.* ¶ 13. Shortly after, he revealed his identity only to Zillow's upper management in Seattle. *Id.* ¶ 14. On November 15, Zillow's CFO Chad Cohen emailed Plaintiff back thanking him for reporting the fraud and assuring Plaintiff, "We will keep this confidential." *Id.* Zillow's upper management eventually took action and fired certain employees. *Id.* ¶ 15.

        Plaintiff alleges that, despite the CFO's assurance that Plaintiff's identity would be kept confidential, Zillow's Irvine management "gradually" began to retaliate against Plaintiff:

> Instances of Zillow's retaliation against Mr. Boehler include: being "written up" and issued "poor reviews" for his work, being removed from the "inbound queue" for several months before being arbitrarily "reinstated" back into the queue, having potentially lucrative sales accounts stripped from him and given to other representatives, consistently being micromanaged and having his daily tasks closely scrutinized by several members of Zillow's management team whereby Mr. Boehler had formerly enjoyed freedom from such overbearing scrutiny, and receiving numerous closed-door "disciplinary pep talks" from Zillow's management team for various "minor issues" and typically innocuous events.

*Id.* ¶ 16. The Complaint describes some email correspondence dated July to August 2014 which allegedly memorializes some of those instances of retaliation. *Id.*

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 14-1844-DOC (DFMx)            Date: February 17, 2015

                                                                                                           Page 3

### B. Procedural History

Plaintiff filed this lawsuit on November 19, 2014, alleging (1) retaliation; (2) intentional infliction of emotional distress; (3) negligent infliction of emotional distress; and (4) violation of 18 U.S.C. § 1514A, Section 806 of the Sarbanes-Oxley Act.

Defendant filed the instant Motion on January 16, 2015 (Dkt. 17).

### II. Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to set forth a set of facts which, if true, would entitle the complainant to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (holding that a claim must be facially plausible in order to survive a motion to dismiss). The pleadings must raise the right to relief beyond the speculative level; a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). On a motion to dismiss, this court accepts as true a plaintiff's well-pleaded factual allegations and construes all factual inferences in the light most favorable to the plaintiff. *See Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). The court is not required to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

Dismissal under Rule 12(b)(6) on the basis of an affirmative defense is proper only if the complaint's allegations, with all inferences drawn in Plaintiff's favor, nonetheless show that the affirmative defense "is apparent on the face of the complaint." *See Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2009); *see also ASARCO, LLC v. Union Pac. R. Co.*, 765 F.3d 999, 1004 (9th Cir. 2014). "If, from the allegations of the complaint as well as any judicially noticeable materials, an asserted defense raises disputed issues of fact, dismissal under Rule 12(b)(6) is improper." *ASARCO*, 765 F.3d at 1004 (citing *Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984) (per curiam)).

Dismissal with leave to amend should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). This policy is applied with "extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (holding that dismissal with leave to amend should be granted even if no request to amend was made). Dismissal without leave to amend is appropriate only when the court is satisfied that the deficiencies in the complaint could

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. SACV 14-1844-DOC (DFMx)                                                  Date: February 17, 2015

                                                                                                                                           Page 4

not possibly be cured by amendment. *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003).

### III. Discussion

Defendant raises a number of arguments for dismissing Plaintiff's claims. The Court addresses each in turn.

#### A. Retaliation

Defendant complains that it cannot tell from the Complaint which anti-retaliation law it is alleged to have violated. Defendant asks the Court either to dismiss the claim for failure to state a claim or to require Plaintiff to provide a more definite statement.

The Court agrees with Defendant that Plaintiff has not adequately pled his retaliation claim(s). The Complaint alleges that Plaintiff suffered retaliation based on his complaints regarding a variety of issues including fraudulent activity by another employee, "general working conditions," and wage and hour/overtime pay issues. Compl. ¶ 9. Plaintiffs do not need to plead the law. 5 Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 1219 (3d ed., updated Sept. 2014). However, a plaintiff must plead sufficient facts to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Here, it appears from the Complaint that Plaintiff, at a minimum, alleges retaliation based on his complaints about the other employee's fraudulent activity and potentially retaliation based on his complaints about wage and hour/overtime issues. "General working conditions," however, is too vague. Given the plethora of federal and state anti-retaliation laws in existence, Plaintiff must provide more detail about the nature of his "general working conditions" complaints in order to Defendant to have notice of what other kinds of retaliation Zillow is alleged to have done.

Accordingly, the Court dismisses Plaintiff's retaliation claim to the extent that it relies on Plaintiff's complaints about issues other than the fraudulent activity of his co-worker and about wage and hour/overtime pay issues.

#### B. Intentional and Negligent Infliction of Emotional Distress

Defendant argues that Plaintiff has not adequately alleged outrageous conduct or emotional distress, elements of both intentional and negligent infliction of emotional distress.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. SACV 14-1844-DOC (DFMx) | Date: February 17, 2015 |
| | Page 5 |

A defendant's conduct is "outrageous" when it is "so extreme as to exceed all bounds of that usually tolerated in a civilized community." *Potter v. Firestone Tire & Rubber Co.,* 6 Cal. 4th 965, 1001 (1993) (internal quotations omitted). "Severe emotional distress means emotional distress of such substantial quality or enduring quality that no reasonable [person] in civilized society should be expected to endure it." *Hughes v. Pair*, 46 Cal. 4th 1035, 1051 (2009) (internal quotation marks omitted) (alteration in original) (holding that "discomfort, worry, anxiety, upset stomach, concern, and agitation" did not constitute severe emotional distress).

An employer's discriminatory acts can constitute outrageous conduct. *Washington v. California City Correction Ctr.*, 871 F. Supp. 2d 1010, 1032 (E.D. Cal. 2012) (citing *Fisher v. San Pedro Peninsula Hospital*, 214 Cal. App. 3d 590, 618 (1989)); *Rojo v. Kliger*, 52 Cal. 3d 65, 81 (1990) ("[E]mployer's discriminatory actions may [also] constitute . . . outrageous conduct under a theory of intentional infliction of emotional distress."). Since no jury or court has yet reached the merits of Plaintiff's retaliation claim, the Court is not inclined to dismiss Plaintiff's infliction of emotional distress claims at the pleadings stage on the ground that there was no outrageous conduct. However, throughout the complaint, Plaintiff alleges that he "suffered emotional distress" (sometimes phrased as "severe emotional distress" or "emotional distress and ridicule"). These allegations are a mere restatement of an element of the IIED and NIED claims. Because the *Iqbal*/*Twombly* standard require more than conclusory allegations, the Court DISMISSES Plaintiff's IIED and NIED claims with leave to amend.

### C. Administrative Exhaustion of Sarbanes-Oxley Act Claim

Defendant argues that Plaintiff's Sarbanes-Oxley Act claim should be dismissed because he has not exhausted his administrative remedies.

"An employee may file an enforcement action under [18 U.S.C.] § 1514A in district court only if he first files a complaint with the Secretary of Labor and the Secretary does not issue a final decision within 180 days. *Id.* § 1514A(b)." *Curtis v. Century Sur. Co.*, 320 F. App'x 546, 548 (9th Cir. 2009).

Here, Plaintiff does not appear to have filed a complaint with the Secretary of Labor. Accordingly, the Court DISMISSES Plaintiff's Sarbanes-Oxley Act claim for lack of subject-matter jurisdiction.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 14-1844-DOC (DFMx)                                           Date: February 17, 2015

Page 6

## IV. Disposition

For the reasons discussed above, the Court GRANTS IN PART and DENIES IN PART Defendant's Motion to Dismiss as follows:

(1) Defendant's Motion is GRANTED as to Plaintiff's retaliation claim(s) to the extent that it relies on his complaints about "general working conditions"; his intentional and negligent infliction of emotional distress claims; and his Sarbanes-Oxley Act claim. These claims are DISMISSED with leave to amend;

(2) Defendant's Motion is DENIED as to Plaintiff's retaliation claim(s) based on his complaints about his co-worker's fraudulent activity and wage and hour issues; and

(3) Plaintiff shall file an amended complaint, if any, on or before **March 6, 2015**.

The Clerk shall serve this minute order on the parties.

MINUTES FORM 11
CIVIL-GEN                                                                                            Initials of Deputy Clerk: djg