STEVEN G. SKLAVER (237612)
ssklaver@susmangodfrey.com
AMANDA K. BONN (270891)
abonn@susmangodfrey.com
DAVIDA BROOK (275370)
dbrook@susmangodfrey.com
RAVI DOSHI (279851)
rdoshi@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1901 Avenue of the Stars, Suite 950
Los Angeles, California 90067
Telephone:   (310) 789-3100
Facsimile:   (310) 789-3150

BROOKE TAYLOR (*pro hac vice*)
btaylor@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, Washington 98101
Telephone:   (206) 373-7383
Facsimile:   (206) 516-3883

Attorneys for Defendant Zillow, Inc.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| ASHLEY BOEHLER, an individual; JAMES FRIEDRICH, an individual, <br><br> Plaintiffs, <br> v. <br><br> ZILLOW, INC., a Washington corporation; and DOES 1 through 50, inclusive <br><br> Defendants. | SACV 14-01844 DOC (DFMx) <br><br> Hon. Douglas F. McCormick <br><br> **[PROPOSED] STIPULATED PROTECTIVE ORDER** <br><br> Fact Discovery Cut-Off:   Apr. 1, 2016 <br> Final Pretrial Conference:   Sept. 26, 2016 <br> Trial Date:   Oct. 18, 2016 <br><br> [These Dates Apply to All Captioned Cases] <br><br> [Discovery Document: Referred to Magistrate Judge Douglas F. McCormick] |

3799843v1/014549

| | | |
|---|---|---|
| 1 | RACHEL KREMER, an individual, | SACV 14-01889 DOC (DFMx) |
| 2 | Plaintiff, | Hon. Douglas F. McCormick |
| | v. | |
| 3 | ZILLOW, INC., a Washington | **[PROPOSED] STIPULATED PROTECTIVE ORDER** |
| 4 | corporation; and DOES 1 through 50, inclusive | |
| | | [Discovery Document: Referred to Magistrate Judge Douglas F. McCormick] |
| 5 | Defendants. | |
| 6 | | SACV 14-01922 DOC (DFMx) |
| 7 | JENNIFER YOUNG, an individual; | Hon. Douglas F. McCormick |
| | Plaintiff, | |
| 8 | v. | **[PROPOSED] STIPULATED PROTECTIVE ORDER** |
| 9 | ZILLOW, INC., a Washington corporation; and DOES 1 through 50, | |
| 10 | inclusive | [Discovery Document: Referred to Magistrate Judge Douglas F. McCormick] |
| 11 | Defendants. | |
| 12 | | |
| 13 | STEPHEN JOHNSON, an individual; REGINALD PETERSON, an individual; | SACV 14-01991 DOC (DFMx) |
| 14 | RYAN SEDA, an individual; JASON YOUSEPH, an individual; and | Hon. Douglas F. McCormick |
| 15 | MICHAEL KERR, an individual, | **[PROPOSED] STIPULATED PROTECTIVE ORDER** |
| 16 | Plaintiffs, v. | [Discovery Document: Referred to Magistrate Judge Douglas F. McCormick] |
| 17 | ZILLOW, INC., a Washington | |
| 18 | corporation; and DOES 1 through 50, inclusive | |
| 19 | Defendants. | |

3799843v1/014549

# GOOD CAUSE STATEMENT

The Court finds that good cause exists for issuance of this Protective Order ("Order") pursuant to Rule 26(c) of the Federal Rules of Civil Procedure to establish a procedure for use and/or disclosure of Confidential Information and to govern the inadvertent production of Privileged Information, as those terms are defined herein, and that entry of this Order is appropriate. In particular, the Court's finding of good cause is based on the following good cause statements by the parties:

<u>Defendant's Good Cause Statement</u>

Defendant Zillow, Inc. ("Zillow") anticipates that in the course of discovery, it may be required to produce documents that would reveal confidential and proprietary information regarding Zillow's business, other employees, and the Plaintiffs. For example, Plaintiffs Boehler and Friedrich raise complaints regarding Zillow's co-marketing program. Other Plaintiffs raise complaints about Zillow's sales practices, including its practices regarding sales calls to potential customers. Strategies and internal information about Zillow's co-marketing program, and other methods by which Zillow conducts its business, are highly confidential and, if revealed publicly, would enable Zillow's competitors to better understand how Zillow generates sales leads, the geographic locations where Zillow targets its resources, and the methods Zillow uses to generate sales. To Zillow's knowledge, its methods are a unique way of generating sales leads, and its ability to do so gives it a competitive edge. If this process were disclosed, competitors could adopt the same process or alter their existing sales pitches to pre-empt Zillow's current methods, causing Zillow to lose its competitive advantage. Zillow takes care to protect such information in the ordinary course of its business, including by requiring its employees to sign Confidential Nondisclosure Agreements.

In addition, because Plaintiffs raise complaints regarding alleged discrimination, harassment, retaliation, wrongful termination, and related claims,

1

3799843v1/014549

1  Zillow anticipates that it may be required to produce documents regarding its
2  policies and procedures for handling such issues, as well as confidential personnel
3  files or other human resources files regarding such issues. Documents regarding
4  Zillow's handling of any alleged employee complaints of discrimination,
5  harassment, retaliation, wrongful termination, and related claims may contain
6  confidential communications between employees and Zillow's human resources
7  department, or within Zillow's human resources department or management
8  regarding how to handle such issues. Zillow is careful to protect its employees'
9  right to confidentiality and takes effort not to disclose such information publicly
10 unless necessary. In addition, Zillow has the expectation that it may have
11 confidential communications within its management and human resources
12 department regarding the handling of sensitive employee issues, and that such
13 matters will not be disclosed publicly unless required by law.
14         Moreover, Zillow has an obligation to its employees not to disclose publicly
15 their private information, including information that is included in or that pertains
16 to their personnel files, employment status, salary, benefits, job performance, and
17 related issues. For example, Plaintiffs Johnson, Peterson, and Seda allege that they
18 were discriminated against and treated differently than similarly situated
19 employees. Should Zillow be required to produce information regarding other
20 employees' job performance, those employees are entitled to have the
21 confidentiality of such information preserved.
22         Zillow respectfully submits that there is good cause to permit Zillow to
23 designate as "CONFIDENTIAL" documents produced in the course of discovery
24 and that (1) relate to or would disclose Zillow's proprietary business methods,
25 including documents regarding Zillow's sales, leads, customers, agents, finances,
26 business plans, products, services, market research, intellectual property, marketing
27 plans, and website operations; (2) relate to or would disclose Zillow's confidential
28 information relating to human resources and personnel issues, including documents

regarding employee complaints, employee job performance, employee personnel files; and (3) relate to our would disclose confidential information of Zillow employees, including their personnel files, identifying information such as addresses, phone numbers and social security numbers, and salary or benefits information.

Zillow respectfully admits that its ability to designate documents as "CONFIDENTIAL" when produced in discovery is without prejudice to Plaintiffs' ability to challenge any such designation and is not alone determinative of whether such documents should remain under seal if filed with the Court. *See, e.g.*, *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33 (1984) ("[P]retrial depositions and interrogatories are not public components of a civil trial. . . . Much of the information that surfaces during pretrial discovery may be unrelated, or only tangentially related, to the underlying cause of action. Therefore, restraints placed on discovered, but not yet admitted, information are not a restriction on a traditionally public source of information."); *Kamakana v. Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006) (applying different standards to "sealed discovery document[s] [attached] to a non-dispositive motion" and discovery documents attached to dispositive motions because "[t]he public policies that support the right of access to dispositive motions, and related motions, do not apply with equal force to non-dispositive materials"); *Bond v. Utreras*, 585 F.3d 1061, 1066 (7th Cir. 2009) ("Unfiled discovery is private, not public.").

### Plaintiffs' Good Cause Statement

Plaintiffs Ashley Boehler, James Friedrich, Rachel Kremer, Jennifer Young, Stephen Johnson, Reginald Peterson, Ryan Seda, Jason Youseph, and Michael Kerr (collectively "Plaintiffs") anticipate that in the course of discovery, they may be required to produce documents that would reveal confidential and personal medical information that is protected under the Health Insurance Portability and Accountability Act of 1996, 42 U.S.C. § 1320 et seq. (hereafter "HIPAA"). In

3

addition, during the course of litigation it is reasonably anticipated that Zillow may be required to produce private information contained in Plaintiffs' employment and personnel files that is ordinarily protected and confidential.

Plaintiffs' complaints include, but are not limited to: (1) emotional distress; (2) physical injuries; (3) sexual harassment; (4) gender, race, age, and disability discrimination; (5) verbal abuse; (6) retaliation; and (7) wrongful termination. Plaintiffs anticipate that they will be required to produce medical records substantiating their claims for emotional distress and other injuries. Documents regarding Plaintiffs' physical and emotional injuries, as well as other information that may be contained in Plaintiffs' medical records, are private and protected under HIPAA.

Plaintiffs respectfully submit that there is good cause to permit Plaintiffs to designate as "CONFIDENTIAL" documents produced in the course of discovery that (1) relate to or would disclose Plaintiffs' confidential information relating to Plaintiffs' medical history and medical records; and (2) relate to or would disclose Plaintiffs' confidential information relating to Plaintiffs' employee personnel files.

Plaintiffs respectfully admit that their ability to designate documents as "CONFIDENTIAL" when produced in discovery is without prejudice to Zillow's ability to challenge any such designation and is not alone determinative of whether such documents should remain under seal if filed with the Court. *See, e.g.*, *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33 (1984) ("[P]retrial depositions and interrogatories are not public components of a civil trial. . . . Much of the information that surfaces during pretrial discovery may be unrelated, or only tangentially related, to the underlying cause of action. Therefore, restraints placed on discovered, but not yet admitted, information are not a restriction on a traditionally public source of information."); *Kamakana v. Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006) (applying different standards to "sealed discovery document[s] [attached] to a non-dispositive motion" and discovery documents

4

attached to dispositive motions because "[t]he public policies that support the right of access to dispositive motions, and related motions, do not apply with equal force to non-dispositive materials"); *Bond v. Utreras*, 585 F.3d 1061, 1066 (7th Cir. 2009) ("Unfiled discovery is private, not public.").

**THEREFORE, IT IS HEREBY ORDERED THAT:**

Certain materials, information, Documents (as defined in paragraph 1 below) or testimony (collectively "Discovery Materials") produced or given by the parties or non-parties in the course of pre-trial discovery or used or produced at trial in this action will involve disclosure of confidential, proprietary, financial, technical, scientific, personnel, and business information ("Confidential Information"). Moreover, despite the reasonable precautions taken by the parties, Confidential Information and/or documents protected by the attorney-client privilege, attorney work product or any other privilege ("Privileged Information") may be inadvertently disclosed. Accordingly, the parties agree that the following provisions shall govern disclosure and use of all such Discovery Materials containing Confidential Information and the return of inadvertently disclosed Privileged Information.

1. As used herein, "Documents" shall include data (including electronic data) and any other material (and their contents) produced through discovery by the parties, as well as any portion of a transcript of a deposition or other proceeding, exhibit, affidavit, declaration, answers to interrogatories, or responses to requests for admission.

2. Confidential Information may be found in, but not limited to, all or any of the following specifically designated "Confidential" or "Confidential – Attorney's Eyes Only" Documents and the content thereof: (a) Documents, depositions or testimony, responses to written discovery, and any other information or material produced or otherwise made available to the parties in this action; (b) copies, extracts, reports, studies, notes, complete or partial summaries and other

5

Documents or materials made or prepared from Confidential Information except that it shall exclude attorney work product; and (c) transcripts, exhibits and other pleadings or writings that summarize or otherwise disclose Confidential Information.

3. This Order covers Documents and/or information or material designated by the disclosing party or non-party (hereinafter, the "Source") as containing or consisting of Confidential Information. Any Source may, in good faith, designate any such materials or portions thereof as being subject to the provisions of this Order by means of a stamp or other designation on the Document of the word "Confidential" or "Confidential – Attorney's Eyes Only." The parties must undertake a good faith effort to make confidentiality designations on a document-by-document basis. Confidentiality must be assessed with respect to each individual document, and no category of documents is entitled to a presumption of confidentiality, other than as provided by law.

4. The parties shall apply the designation "Confidential" to information or materials that the Source in good faith believes to constitute a trade secret, proprietary business information, private personnel information and/or data, and/or any information that implicates or may implicate the privacy rights of the Source and/or a third party, and that is not otherwise publicly available (unless such information or materials were placed in the public domain as a result of a violation of any duty, law, or agreement, in which case the "Confidential" designation may still apply).

5. The parties shall apply the designation "Confidential – Attorney's Eyes Only" only to a limited amount of Confidential Information that the producing party is obligated, by agreement or statutory obligation or the privacy rights of any third-party, to keep confidential in a manner consistent with that designation, such that the producing party has a reasonable basis for concluding that the protections afforded to documents designated "Confidential" would not be adequate.

3799843v1/014549

6. In designating materials, Documents or portions thereof as "Confidential" or "Confidential – Attorney's Eyes Only" the Source shall mark every page and/or significant component, which contains Confidential Information with the appropriate "Confidential" or "Confidential – Attorney's Eyes Only" stamp. Transcripts of deposition or other testimony shall be designated by reference to the page and lines being designated. Designation shall be made at the time such materials are produced or given, except that: (a) in the case of testimony upon deposition or hearing, such designations shall be made within twenty (20) business days after the transcript of such deposition or hearing is available; (b) any such transcript of a deposition or hearing shall provisionally be treated as "Confidential – Attorney's Eyes Only" until the twenty (20) business day period for serving confidentiality designations has expired; and (c) a reasonable extension of any applicable time period hereunder may be agreed to in writing among counsel for the respective parties. Designations may be withdrawn by the Source at any time.

7. Unless otherwise ordered by the Court, any Document or material designated by any source as containing Confidential Information shall be safeguarded and shall not be disclosed by non-designating counsel, except, subject to the provision of this Order, to:

a. the named Plaintiffs, unless the Confidential Information has been designated "Confidential – Attorney's Eyes Only." If the Confidential Information in question has been so designated, this subparagraph shall not authorize its disclosure to such party.

b. Defendant Zillow, Inc., including but not limited to its inside counsel, including paralegals, clerical or other support staff or services and any officers, directors, managers, supervisors or human resources personnel with responsibilities related to the subject matter of this litigation unless the Confidential Information has been designated "Confidential – Attorney's Eyes Only." If the

7

Confidential Information in question has been so designated, this subparagraph shall not authorize its disclosure to such party.

    c.    counsel of record for the party to whom such Documents or materials are produced or given, including co-counsel of record and the legal associates, paralegals, clerical or other support staff or services of such counsel or co-counsel assigned to assist such counsel in the preparation of this litigation;

    d.    the Court, including any Court personnel, stenographers or other persons involved in taking or transcribing court or deposition testimony in this action, and members of the jury, provided that any Confidential Information submitted or filed with the Court shall be accompanied by an Application and Order to Seal seeking to have the Confidential Information filed under seal pursuant to Local Rule 79-5 and the provisions of Paragraphs 14 and 15 below;

    e.    any court reporter (including audio and video) involved in this action;

    f.    independent experts or consultants who have been consulted or retained by counsel in this action to furnish technical or expert services or to give technical or expert testimony in the trial of this action, provided that such expert or consultant signs the Undertaking attached to this Order as <u>Exhibit A</u>, acknowledging that he or she has read a copy of this Order and agrees to be bound by its terms;

    g.    copying, imaging, computer services and/or litigation support services provided that all Confidential Information and/or Documents, including copies thereof whether in hard copy or electronic form, are retrieved by the furnishing party upon completion of any such copying, imaging and computer services;

    h.    special masters or mediators;

    i.    the direct staff of persons designated in paragraphs 7 (f), (g) and (h), subject to any conditions enumerated therein;

3799843v1/014549

        j.    any deposition witness, subject to the terms of paragraph 10 below;

        k.    any other Person upon written consent from counsel for the party which produced or gave such Document(s), provided that such person signs the Undertaking in the form attached to this Order as <u>Exhibit A</u>, acknowledging that he or she has read a copy of this Order and agrees to be bound by its terms.

8.    Confidential Information designated "Confidential – Attorney's Eyes Only" may be disclosed only to persons described in ¶ 7, subparagraphs c, d, e, f, g, h, and i and to deposition witnesses only as provided in paragraph 10 below.

9.    Nothing in this Order shall prevent any party from producing any Document or information in his, her or its possession in response to a lawful subpoena or other compulsory process, provided that written notice shall be given to all other parties at least ten (10) business days prior to the return date of the subpoena or other compulsory process seeking discovery of the designated materials.

10.    Subject to the terms of this Order any party may utilize Confidential Information designated as "Confidential" in the course of a deposition provided that, prior to his or her examination, the witness is furnished a copy of this Order and has executed the Undertaking attached to this Order as <u>Exhibit A</u>. Any party may utilize Confidential Information designated as "Confidential – Attorney's Eyes Only" in the course of a deposition provided that the deponent either prepared or reviewed the "Confidential – Attorney's Eyes Only" document prior to its production and prior to his or her examination, the witness is furnished a copy of this Order and has executed the Undertaking attached to this Order as <u>Exhibit A</u>. If a deponent refuses to sign the Undertaking, disclosure of such information to the witness during the deposition shall not be a waiver of confidentiality and shall not prevent examination of the witness on Documents or other information containing Confidential Information. Such witness shall not be allowed to retain copies of

either the Confidential Information or any portions of their deposition transcript containing Confidential Information. If disclosure of Confidential Information is opposed, nothing in this Paragraph 10 shall preclude a party from continuing the deposition until the matter can be raised before and ruled upon by the Court.

11. The parties agree to take reasonable precautions to prevent disclosure of Confidential Information without the "Confidential" or "Confidential – Attorney's Eyes Only" designation provided for in this Order. However, it is possible that inadvertent or mistaken disclosures will still be made, despite all reasonable precautions. If Documents containing Confidential Information are inadvertently or mistakenly disclosed, the parties agree that the Source may request the return of such Documents or materials within ten (10) business days after the discovery of their inadvertent or mistaken disclosure to allow the designation of the Documents or materials as Confidential Information consistent with the provisions of this Order. If the receiving party fails to return such Documents or materials, the Source may move the Court for an Order compelling their return.

12. If Confidential Information is made an exhibit to or the subject of examination during a deposition, arrangements shall be made (a) to bind separately said exhibits, as well as confidential portions of the transcript or pleading and (b) to place them in a sealed envelope appropriately marked.

13. Nothing in this Order shall prevent either party from using Documents designated as "Confidential" or "Confidential – Attorney's Eyes Only" or from referring to or reciting any information contained in such materials, in connection with the litigation in this matter including any hearing, motion, brief, trial, or other proceeding in this action, provided the relevant portions of Paragraph 14 and 15 below are complied with in full.

14. Any party filing pleadings, motions, or other papers with the Court that contain or make reference to Confidential Information shall file an Application and Order to Seal seeking to have the Confidential Information filed under seal pursuant

10

to Local Rule 79-5 and following the procedures outlined therein, as well as any applicable procedures of Magistrate Judge Douglas F. McCormick and the Honorable David O. Carter.

15. Nothing herein shall prevent a receiving party from challenging any designation of a Document as "Confidential" or "Confidential – Attorney's Eyes Only." Any such challenge shall be raised through the procedures outlined in Local Rule 37. Notwithstanding a challenge or application to the Court pursuant to Paragraph 15, all Documents designated as "Confidential" or "Confidential – Attorney's Eyes Only" shall be subject to this Order until the Source withdraws the designation or until the Court determines that the Document is not appropriately designated as "Confidential" or "Confidential – Attorney's Eyes Only."

16. Within thirty (30) days after the final determination of this action (*i.e.*, after all appellate rights have been exhausted), all Documents designated as containing Confidential Information and all copies thereof shall, upon written request, be returned to counsel for the Source who initially produced such Documents (unless previously permanently discarded, in which case, counsel for the receiving party shall certify in writing to counsel for the Source that such Documents have been permanently discarded), provided that copies may be kept by counsel of any pleading, brief or Document submitted to the Court, deposition and/or trial transcripts and exhibits thereto and correspondence subject to this Order.

17. The parties further agree to take reasonable precautions to prevent the inadvertent or mistaken disclosure of Documents containing Privileged Information. The parties further agree that "reasonable precautions" shall include, by way of example and not limitation, a multi-level review of documents for production, including searching for and gathering documents from offices, businesses and other locations where responsive information might be located and having lawyers or paralegals carefully review the documents for Privileged

11

Information, redacting those portions of Documents where only a portion is protected and preparing detailed privilege logs reflecting any withheld material.

Despite all reasonable precautions, the parties recognize that inadvertent or mistaken disclosures of Privileged Information may still be made. If Documents containing Privileged Information are inadvertently or mistakenly disclosed, the parties agree that the following procedure shall govern:

a. The Source shall promptly advise the receiving party of the disclosure and shall recall any such inadvertently disclosed Documents by making a request of the receiving party for their return.

b. If a receiving party becomes aware that a Source inadvertently or mistakenly disclosed Documents containing Privileged Information, the receiving party shall promptly advise the Source in writing of the disclosure and return the Documents and any and all copies to the Source.

For purposes of this Paragraph 17, the Parties agree that the return of inadvertently or mistakenly disclosed Documents shall be reasonably prompt if returned within fifteen (15) business days after the Source or receiving party learns of the inadvertent or mistaken disclosure. If the receiving party fails to return such Documents or materials, the Source may move the Court for an Order compelling their return. Notwithstanding any such motion to the Court, all Documents containing Privileged Information that are inadvertently or mistakenly disclosed shall be subject to this Order until the Source withdraws its request for their return or until the Court determines that the Document is not appropriately claimed as Privileged Information.

18. Documents produced in these matters shall be produced across all four above-captioned actions. The production of any document in any of the above-captioned actions does not operate as an admission that the document is relevant or would be admissible in trial in that action, nor does it operate as a waiver of any objection any party might make to the document's admissibility. The parties reserve

12

the right to object to the admission of any document produced in any action, including on the grounds that it was produced because it was relevant to a different action but not to the action in which the opposing party seeks to admit or introduce the document.

19. This Order may be amended by written agreement between counsel for the parties, subject to approval of the Court, or may be modified by motion to the Court.

20. This Order shall survive the termination of this litigation. The Court shall retain jurisdiction, even after the termination of this litigation, to enforce this Order.

**IT IS SO ORDERED.**

Dated: August 4, 2015

_____
DOUGLAS F. McCORMICK
United States Magistrate Judge

13

3799843v1/014549

<u>**Exhibit A**</u>

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| ASHLEY BOEHLER, an individual; JAMES FRIEDRICH, an individual,<br><br>Plaintiffs,<br>v.<br>ZILLOW, INC., a Washington corporation; and DOES 1 through 50, inclusive<br>Defendants. | SACV 14-01844 DOC (DFMx)<br><br>**DECLARATION AND UNDERTAKING TO COMPLY WITH TERMS OF STIPULATED PROTECTIVE ORDER** |
| RACHEL KREMER, an individual,<br><br>Plaintiff,<br>v.<br>ZILLOW, INC., a Washington corporation; and DOES 1 through 50, inclusive<br>Defendants. | SACV 14-01889 DOC (DFMx)<br><br>**DECLARATION AND UNDERTAKING TO COMPLY WITH TERMS OF STIPULATED PROTECTIVE ORDER** |
| JENNIFER YOUNG, an individual;<br><br>Plaintiff,<br>v.<br>ZILLOW, INC., a Washington corporation; and DOES 1 through 50, inclusive<br>Defendants. | SACV 14-01922 DOC (DFMx)<br><br>**DECLARATION AND UNDERTAKING TO COMPLY WITH TERMS OF STIPULATED PROTECTIVE ORDER** |
| STEPHEN JOHNSON, an individual; REGINALD PETERSON, an individual; RYAN SEDA, an individual; JASON YOUSEPH, an individual; and MICHAEL KERR, an individual,<br><br>Plaintiffs,<br>v.<br>ZILLOW, INC., a Washington corporation; and DOES 1 through 50, inclusive<br>Defendants. | SACV 14-01991 DOC (DFMx)<br><br>**DECLARATION AND UNDERTAKING TO COMPLY WITH TERMS OF STIPULATED PROTECTIVE ORDER** |

14

3799843v1/014549

**DECLARATION AND UNDERTAKING OF** _____ _____

I, _____, declare as follows:

1. My address is _____.

2. My present employer and the address of my present employer (if different from above) are _____. I have received a copy of the Stipulated Protective Order in the above-captioned actions.

3. Having carefully read and understood the provisions of the Stipulated Protective Order, I agree to be bound by its terms.

4. I will hold in confidence and not disclose to anyone not qualified under the Stipulated Protective Order, and will use only for purposes of this action, any Documents designated as "Confidential" or "Confidential – Attorney's Eyes Only" as set forth in the Stipulated Protective Order, which are disclosed to me. I will maintain any such information in a safe and secure place.

5. I will return all Documents designated as "Confidential" or "Confidential – Attorney's Eyes Only" which come into my Possession and Documents or things I have prepared relating thereto, to counsel of the party that provided such materials to me. I acknowledge that such return shall not relieve me from any continuing obligation imposed on me by the Stipulated Protective Order.

6. I agree to submit to the jurisdiction of the United States District Court for the Central District of California, for purposes of enforcement of this Declaration and Undertaking.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated this \_\_\_ day of _____, 201\_\_.

Signature_____

Print Name _____

15

3799843v1/014549